(762 P.2d 196)

No. 61,929

HERBERT H. WEIDENSAUL and ARVID M. ZARLEY, *Appellants,* v. GREENHOUSE RESTAURANT OF LAWRENCE, INC., *Appellee.*

Opinion filed October 7, 1988.

*James E. Rumsey,* of Lawrence, for appellants.

*Charles M. Thomas* and *Eileen M. Smyth,* of Grier & Swartzman, of Kansas City, Missouri, for appellee.

Before BRAZIL, P.J., RULON and GERNON, JJ.

GERNON, J.: Plaintiffs Herbert Weidensaul and Arvid Zarley appeal the granting of summary judgment to defendant in their case against Greenhouse Restaurant of Lawrence, Inc.

Weidensaul and Zarley leased a building to Greenhouse for the operation of a restaurant. Part of the lease agreement provided for certain improvements to be made by Weidensaul and Zarley, including construction work on the premises desired by Greenhouse.

Disagreements arose over the extent and value of the material provided and the work performed. Weidensaul and Zarley claimed that they had performed construction work of a total value of over $333,000.00, of which approximately $180,000.00 remained to be paid. Greenhouse contended that some of the work done by Weidensaul and Zarley had not been requested by Greenhouse and that some of the work which was completed was deficient. Greenhouse denied being liable for the amount of money claimed by Weidensaul and Zarley.

The dispute could not be resolved, and in December of 1986 Greenhouse sent a check to Weidensaul and Zarley for $75,000.00 with the notation "payment in full for construction done on Greenhouse Restaurant" written on the face of the check. Weidensaul negotiated the check after writing "without prejudice and under protest" on the face of the check and writing "partial payment" on the back of the check above his signature.

Weidensaul and Zarley subsequently filed suit to collect the amount they claimed was due after giving credit for the $75,000.00. Greenhouse answered, raising an affirmative defense of accord and satisfaction based upon the acceptance and cashing of the $75,000.00 check. Greenhouse moved for summary judgment on the basis of accord and satisfaction. Weidensaul and Zarley argued that accord and satisfaction did not apply to this situation, citing K.S.A. 84-1-207. The trial court granted summary judgment to Greenhouse, and Weidensaul and Zarley appeal.

The issue presented is one of first impression for Kansas, and requires us to determine whether K.S.A. 84-1-207 abrogates the common-law doctrine of accord and satisfaction with respect to "payment in full" checks.

K.S.A. 84-1-207 reads:

"**Performance or acceptance under reservation of rights.** A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient."

Weidensaul and Zarley contend that K.S.A. 84-1-207 abolished the common-law doctrine of accord and satisfaction in cases with respect to "payment in full" checks.

K.S.A. 84-1-103 is a statement of general principles of applicable law, and states as follows:

"**Supplementary general principles of law applicable.** Unless displaced by the particular provisions of this act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."

The official UCC comment to 84-1-103 indicates that all supplemental bodies of law will continue to be applicable except insofar as they are explicitly displaced. The Kansas comment emphasizes that general principles of law and equity must supplement the UCC and that the listing given in Section 84-1-103 is merely illustrative. The Kansas comment lists other pre-Code and non-Code principles which have been recognized and used in cases under this section, including promissory estoppel, principal and agent, non-Code priority rules, suretyship, estoppel, rules of interpretation, and waiver.

We conclude that in Kansas, the Uniform Commercial Code clearly does not affect common-law doctrines unless it explicitly replaces them. The doctrine of accord and satisfaction has not been explicitly disregarded or replaced and therefore the trial court was correct in following it. Weidensaul and Zarley's assertion that the doctrine of accord and satisfaction has been indirectly overruled by K.S.A. 84-1-207 is contrary to the language of K.S.A. 84-1-103 and the expressed intention of the legislature.

Weidensaul and Zarley also raise policy considerations and claim that they are the "victims" in this situation. The Kansas courts do not agree with them and do not favor the creditor over the debtor when there is a valid dispute about an amount owed.

In *Amino Brothers Co. Inc. v. Twin Caney Watershed District*, 206 Kan. 68, 476 P.2d 228 (1970), our Supreme Court noted that sending a check upon the condition that it be accepted in full satisfaction of a disputed claim is an offer of settlement and that a creditor has the option of either accepting the check upon the condition on which it was sent or rejecting it. The court stated that the effective way to protest the offer of settlement is to decline the check. Acceptance and use of the check will be regarded as assent to the conditions of the check and amounts to an accord and satisfaction of the claim. The intent of the creditor is immaterial. By endorsing and collecting the check with knowledge that it is offered in full satisfaction of a disputed claim, a creditor agrees to the conditions and is estopped from denying such agreement. 206 Kan. at 72-74.

We conclude, as the trial court did, that, when Weidensaul and Zarley accepted and negotiated the check with no further communications to Greenhouse, it was immaterial what they placed on the check by way of writing. We also find that the provisions of K.S.A. 84-1-207 do not abrogate the present Kansas law of accord and satisfaction.

Affirmed.